# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 17-6397 FMO | Date | November 22, 2017 |
| Title | In re Layfield & Barrett, APC | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order Re: Motion to Withdraw Reference

Having reviewed and considered all the briefing filed with respect to the Motion to Withdraw Reference of Adversary Proceeding (Dkt. 16, "Motion"), the court concludes that oral argument is not necessary to resolve the Motion. See Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001).

## INTRODUCTION

On August 3, 2017, the relevant bankruptcy proceeding was initiated as an involuntary petition under Chapter 7, but later converted to a Chapter 11 proceeding. (See Dkt. 16, Motion at 2). The debtor in that action is Layfield & Barrett, APC ("LB" or "debtor"). (See id.).

From February 15, 2017 to February 15, 2018, Evanston Insurance Company ("Evanston") provided professional liability insurance to LB. (See Dkt. 16, Motion at 2). On August 22, 2017, Evanston filed a complaint in the bankruptcy court, against LB, Philip J. Layfield ("Layfield"), Joseph Barrett, Todd D. Wakefield, and Terry Bailey, asserting claims for: (1) rescission of the policy, based on a materially false application that failed to disclose facts, circumstances, situations, and client complaints regarding Layfield's alleged wrongful withholding and misappropriation of client funds; and (2) a declaration that the policy does not provide coverage for another matter. (See Dkt. 16, Motion at 2-3).

## LEGAL STANDARD

The district court may broadly refer matters to the bankruptcy court, including "any or all cases under title 11[,]" "any or all proceedings arising under title 11 or arising in or related to a case under title 11[.]" 28 U.S.C. §157(a). The bankruptcy court's jurisdiction depends on whether the referenced matters are "core," "Stern claims,"[1] or "non-core" to the bankruptcy.

---

[1] See Stern v. Marshall, 564 U.S. 462, 131 S.Ct. 2594 (2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-6397 FMO | Date | November 22, 2017 |
|---|---|---|---|
| Title | In re Layfield & Barrett, APC | | |

  A non-exhaustive list of "core proceedings" are enumerated in 28 U.S.C. § 157(b)(2). A bankruptcy judge may "hear and determine" core proceedings, and subject to district court review, "enter appropriate orders and judgments[.]" 28 U.S.C. §157(b)(1). "In Stern v. Marshall, 131 S.Ct. 2594 (2011), th[e Supreme] Court held that even though bankruptcy courts are statutorily authorized to enter final judgment on [core] claims, Article III of the Constitution prohibits bankruptcy courts from finally adjudicating certain of those [core] claims." Exec. Benefits Ins. Agency v. Arkison, 134 S.Ct. 2165, 2168 (2014). "[W]hen a bankruptcy court is presented with such a [Stern] claim, the proper course is to issue proposed findings of fact and conclusions of law." Id. at 2170. "The district court will then review the claim de novo and enter judgment." Id.

  "Non-core proceedings" are those which "do not depend on bankruptcy law for their existence and that could proceed in another court[.]" Security Farms v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers, 124 F.3d 999, 1008 (9th Cir. 1997). A "bankruptcy judge may hear a [non-core] proceeding" and "submit proposed findings of fact and conclusions of law to the district court[.]" 28 U.S.C. § 157(c)(1). "[A]ny final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected." Id.

  A district court may also withdraw some or all of its reference of matters to the bankruptcy court. See 28 U.S.C. § 157(d); Fed. R. Bankr. Proc. 5011(a) ("A motion for withdrawal of a case or proceeding shall be heard by a district judge."). Section 157(d) "contains two distinct provisions: the first sentence allows permissive withdrawal, while the second sentence requires mandatory withdrawal in certain situations." In re Temecula Valley Bancorp, Inc., 523 B.R. 210, 214 (C.D. Cal. 2014) (internal quotation marks omitted). Whether mandatory or permissive, the burden of persuasion is on the party seeking withdrawal, which in this case would be Evanston. See In re First Alliance Mortg. Co., 282 B.R. 894, 902 (C.D. Cal. 2001).

  "In determining whether cause exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." Security Farms, 124 F.3d at 1008.

## DISCUSSION

  Evanston contends that the court should withdraw reference of the adversary proceeding because of its right to a jury trial. (See Dkt. 16, Motion at 6-7). Evanston's contention is unpersuasive.

  In In re Healthcentral.com, 504 F.3d 775 (9th Cir. 2007), a licensee of the debtor argued that the bankruptcy court did not have jurisdiction of the adversary proceeding against it because "once a jury right is found, the bankruptcy court may no longer maintain jurisdiction and the action must be instantly transferred to an Article III court." Id. at 786 (internal quotation marks omitted). The Ninth Circuit disagreed with the licensee's contention, stating that "a Seventh Amendment jury

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-6397 FMO | Date | **November 22, 2017** |
|---|---|---|---|
| Title | **In re Layfield & Barrett, APC** | | |

trial right does not mean the bankruptcy court must instantly give up jurisdiction and that the case must be transferred to the district court." Id. at 787. "Instead, the bankruptcy court is permitted to retain jurisdiction over the action for pre-trial matters." Id. According to the Ninth Circuit, "two rationales justify this holding." Id. First, a bankruptcy court's management of discovery, pre-trial conferences, and routine motions, does not diminish a party's right to a jury trial. See id. Second, immediately transferring a matter to district court because of a jury trial right "would run counter to our bankruptcy system[.]" Id. Given "the bankruptcy court's unique knowledge of Title 11 and familiarity with the actions before them[,]" Congress "has empowered the bankruptcy courts to hear Title 11 actions, and in most cases enter relevant orders[.]" Id. at 787-88 (internal quotation marks omitted). "[I]mmediate transfer to district court simply because there is a jury trial right . . . would effectively subvert this system." Id. at 788 (emphasis in original).

Evanston also asserts that allowing the adversary proceeding to remain with the bankruptcy court will lead to the inefficient use of judicial resources, delay and increased costs to the parties. (See Dkt. 16, Motion at 5-6). The court is not persuaded. The bankruptcy action was commenced by certain LB clients and other creditors who allege that LB failed to remit clients funds received from various settlements. (See In re Layfield & Barrett, APC, Dkt. 1, Chapter 7 Involuntary Petition [] at 3; id., Dkt. 74, Chapter 11 Trustee's Emergency Motion [] at 2). Evanston's first claim is based on LB's allegedly materially false insurance application because LB failed to disclose facts, circumstances, situations, and client complaints regarding Mr. Layfield's alleged wrongful withholding and misappropriation of client funds, which are also at issue in the bankruptcy action. (See Dkt. 16, Motion at 2). Contrary to Evanston's contention, the court is persuaded that if the court withdrew the reference, it would result in the inefficient use of judicial resources as well as concomitant delay and cost to the parties.

Finally, Evanston contends that forum shopping is not an issue because they engaged in "straightforward and responsible conduct" in filing its complaint first with the bankruptcy court and then promptly filing the instant motion. (See Dkt. 16, Motion at 6). Though at this juncture, the court cannot determine whether Evanston has engaged in forum shopping, the court is concerned that Evanston could, in the future, leverage the bankruptcy action, taking place in one forum, against the adversary proceeding, taking place in another forum. By having all proceedings before the bankruptcy court, that possibility is reduced. In any event, even if the forum shopping factor is neutral, the court finds that withdrawing the reference is not warranted under the circumstances.

## CONCLUSION

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 17-6397 FMO** | Date | **November 22, 2017** |
|---|---|---|---|
| Title | **In re Layfield & Barrett, APC** | | |

Based on the foregoing, IT IS ORDERED THAT Evanston's Motion to Withdraw Reference of Adversary Proceeding (**Document No. 16**) is **denied**. The action is dismissed without prejudice.

<pre>
                                                          00   :   00
                                         Initials of Preparer    vdr
</pre>